LINK: 30

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1527 GAF (MANx) | Date | July 25, 2014 |
|---|---|---|---|
| Title | Seacoast Coin Inc v. Travelers Property Casualty Company of America et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**       (In Chambers)

### ORDER RE:  PLAINTIFF'S PROPOSED JUDGMENT

On June 26, 2014, the Court issued an order on the Parties' cross motions for summary judgment.  (Docket No. 29 [6/26/14 Order].)  The Court granted Plaintiff Seacoast Coin, Inc.'s ("Plaintiff") motion for partial summary judgment on its breach of contract claim, and denied Defendant Travelers Property Casualty Company of America's ("Travelers") motion for summary judgment on this claim.  (Id. at 13.)  The Court also granted Travelers' motion for summary judgment as to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing and for punitive damages.  (Id.)  Plaintiff was ordered to submit a proposed judgment consistent with the order no later than the close of business on July 3, 2014.  (Id.)

Before the Court now is Plaintiff's proposed judgment.  (Docket No. 30-1 [Proposed Judgment].)  On July 8, 2014, Travelers submitted objections to Plaintiff's proposed judgment, contesting Plaintiff's entitlement to prejudgment interest.  (Docket No. 31 [Travelers' Objections].)  Travelers argues that, pursuant to the "Loss Payment" provision of its insurance policy, payment on a claim is due within 30 days after final judgment is entered.  (Id. at 2-3.)  Because final judgment has yet to be entered, Travelers argues that Plaintiff is not entitled to the prejudgment interest set forth in its proposed judgment.  (Id. at 3.)  Alternatively, if the Court finds that Plaintiff is entitled to prejudgment interest, Travelers urges that this interest should be calculated from September 28, 2012, 30 days after the United States Postal Service notified Travelers that Plaintiff's packages were missing.  (Id.)

In response to these objections, Plaintiff asserts that because the amount of the loss is not in dispute, it is entitled to prejudgment interest pursuant to California Civil Code § 3287(a).  (Docket No. 32 [Plaintiff's Response to Travelers' Objections ("Response")] at 2.)  Plaintiff urges that, at the latest, the Court should award Plaintiff prejudgment interest for Travelers'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1527 GAF (MANx) | Date | July 25, 2014 |
|---|---|---|---|
| Title | Seacoast Coin Inc v. Travelers Property Casualty Company of America et al | | |

breach of contract from September 12, 2012, the date on which Travelers paid Plaintiff $75,000 of policy benefits pursuant to Travelers' interpretation of its insurance policy.  (Id. at 3-4.)  The Court agrees.

Under California law, the award of prejudgment interest is governed by California Civil Code § 3287, which provides in relevant part: "(a) A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day." Cal. Civ. Code § 3287(a).  "California cases uniformly have interpreted the 'vesting' requirement as being satisfied at the time that the amount of damages become certain or capable of being made certain, not the time liability to pay those amounts is determined." Evanston Ins. Co. v. OEA, Inc., 566 F.3d 915, 921 (9th Cir. 2009) (citing Hartford Accident & Indem. Co. v. Sequoia Ins. Co., 211 Cal. App. 3d 1285, 1291, 1307 (1989) (awarding prejudgment interest from the date plaintiff paid to settle a claim in full even though the defendants' legal liability obligating them to contribute to the settlement was not established until the entry of summary judgment) and Overholser v. Glynn, 267 Cal. App. 2d 800, 809-10 (1968) (holding that the plaintiff-guarantor's right to recover the money "vested" when he paid to satisfy his coguarantors' indebtedness)).  In other words, "[w]hile a factual dispute respecting damages will preclude a grant of prejudgment interest under § 3287(a) a legal dispute will not." Highlands Ins. Co. v. Continental Cas. Co., 64 F.3d 514, 521 (9th Cir. 1995) (citing Hartford, 211 Cal. App. 3d at 1307).  The statute and case law "make clear that the California legislature intended to allow for prejudgment interest where the amount of damages is certain instead of restricting plaintiffs to postjudgment interest." Evanston Ins. Co., 566 F.3d at 921.

Moreover, where damages are certain or capable of being made certain by calculation, prejudgment interest runs from the date when the exact sum due to a plaintiff is made known to the defendant.  Levy-Zentner Co. v. Southern Pac. Transp. Co., 74 Cal. App. 3d 762, 798 (1977).  This date is "'calculated from the date when the [defendants] should have made payment under their policies, which is not later than that on which they repudiated liability or finally refused to pay.'"  Maier Brewing Co. v. Pac. Nat. Fire Ins. Co., 218 Cal. App. 2d 869, 879-80 (1963) (citing Chase v. National Indem. Co., 129 Cal. App. 2d 853, 865 (1954)).  "The mere unwarranted denial of the validity of the contract, or liability thereunder, on the part of the insurance company will not have the effect of defeating the right to recover interest otherwise recoverable." Chase, 129 Cal. App. 2d at 865 (citing Jacobs v. Farmers' Mut. Fire Ins. Co. of Turlock, 5 Cal. App. 2d 1, 12 (1935)).

Here, the amount of the loss was never in dispute; both Parties agree that Plaintiff lost $408,398.08 in coins.  Rather, the Parties' dispute centered around how much of that total

LINK: 30

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1527 GAF (MANx) | Date | July 25, 2014 |
|---|---|---|---|
| Title | Seacoast Coin Inc v. Travelers Property Casualty Company of America et al | | |

amount Plaintiff would be able to recover under the insurance policy. Thus, for purposes of § 3287(a), Plaintiff's damages resulting from Travelers' breach of contract are "certain," and Plaintiff is entitled to recover prejudgment interest on those damages. The Court also finds that the prejudgment interest should be calculated from September 12, 2012. On this date, Travelers paid Plaintiff $75,000 for the lost coins pursuant to Travelers' interpretation of the insurance policy. Because September 12, 2012, therefore marks the day on which Travelers was aware of the exact sum of Plaintiff's loss and also effectively repudiated any liability beyond $75,000, the Court concludes that prejudgment interest should be calculated from this date. See Levy-Zentner Co., 74 Cal. App. 3d at 798; Maier Brewing Co., 218 Cal. App. 2d at 879-80.

Accordingly, Plaintiff is **AWARDED** prejudgment interest to be calculated from September 12, 2012, until entry of judgment. The Court will modify Plaintiff's proposed judgment to reflect the findings in this order.

**IT IS SO ORDERED**.